**Donald POWERS et al., Appellants,**

v.

**ST. LOUIS TYPOGRAPHICAL UNION # 8 et al., Appellees.**

**No. 76–1400.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 11, 1977.

Decided Feb. 4, 1977.

Edwin P. Harrison, Jr., Clayton, Mo., on brief for appellant.

Burton W. Newman, Clayton, Mo., for appellee; John H. Goffstein, Clayton, Mo., on brief.

Before GIBSON, Chief Judge, BRIGHT, Circuit Judge, and HANSON, District Judge.*

**PER CURIAM.**

Plaintiffs appeal from a judgment of the District Court dismissing their complaint for lack of subject matter jurisdiction under the Labor-Management Reporting and Disclosure Act (LMRDA), 29 U.S.C. § 401 *et seq.* (1970). Plaintiffs are members of defendant St. Louis Typographical Union No. 8 (Union). The Union maintains for its retired members a fraternal pension fund which formerly was subsidized by assessments levied against all members of the Union. Pursuant to the Union's constitution and bylaws as presently constituted, active members can change their status and become "associate members" and as such are not obligated to pay assessments into the pension fund, nor are they entitled to participate in the fund.

Plaintiffs filed their initial complaint under the LMRDA contending that the Union was, contrary to the duly-adopted bylaws, levying assessments against "associate members" to support the pension fund. On April 1, 1976, the Union filed a motion to dismiss contending that plaintiffs' complaint failed to establish a violation of any provision of the LMRDA and that the District Court lacked subject matter jurisdiction. On April 9, 1976, plaintiffs sought leave to amend their complaint and leave was granted. Five days later, before an amended complaint had been filed, the District Court granted the Union's motion to dismiss. The District Court ruled that plaintiffs were attempting to force the Union to comply with Union bylaws and that subject matter jurisdiction under the LMRDA did not extend to such actions. The dismissal was without prejudice and was thus not res judicata as to the issues presented. On April 16, 1976, plaintiffs sought leave to file an amended complaint, raising additional issues. On April 20, 1976, the District Court denied leave to file the amended complaint but stated that it had "carefully reviewed" the amended complaint and adhered to its previous decision to dismiss the action.

We need not determine, for purposes of this appeal, whether plaintiffs' initial complaint was properly dismissed on jurisdictional grounds. The only allegation of substance in plaintiffs' complaint is that the union officials were disregarding the union bylaws in funding the pension fund. On appeal, the parties have represented that the alleged improprieties have been discontinued and that "associate members" need not pay assessments into the pension fund. Therefore, the only issue presented in the initial complaint is moot.

Plaintiffs also contend that the District Court erred in not permitting plaintiffs to file their amended complaint. Plaintiffs failed to file an amended complaint after leave to file was granted on April 9, 1976. Moreover, we cannot say that the District Court abused its discretion in rejecting plaintiffs' post-dismissal attempt to file an amended complaint.

The amended complaint was tendered to and considered by the District Court and the order of dismissal was reaffirmed. The only essential difference between plaintiffs' initial complaint and the amended complaint as written is that the latter sought an injunction against a union referendum election to be conducted on April 21, 1976. In the referendum election union members were to vote on whether or not "associate members", such as plaintiffs, should be granted the option of not paying assessments into the union pension fund. Plaintiffs sought to enjoin the holding of the referendum by contending that retired union members should not be allowed to vote on this issue. Since the District Court's dismissal, the referendum has been conducted and plaintiffs have prevailed— they need not pay assessments into the pension fund. Therefore, under these circumstances, plaintiffs' request to enjoin the ref-

---

* The Honorable William C. Hanson, Chief Judge for the United States District Court for the Southern District of Iowa, sitting by designation.

erendum is moot and the more abstract question of whether plaintiffs' rights under the LMRDA would be violated if retired union members are permitted to vote in future union elections was not properly presented to the District Court and does not appear to present a justiciable issue at this time.

We conclude that the issues raised in the initial complaint are moot and the District Court did not abuse its discretion in not allowing plaintiffs to file their amended complaint.

The order of dismissal is affirmed.